IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASMINE EARLS                                                                  PLAINTIFF

v.                                                 CIVIL ACTION NO. 5:22-cv-49-KS-LGI

PROGRESSIVE ADVANTAGE AGENCY, INC.
AND AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA                                           DEFENDANTS

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff Jasmine Earls, through counsel, files this Complaint against American Bankers Insurance Company of Florida and Progressive Advanced Agency, Inc., as follows:

**I.     PARTIES**

1.1     Plaintiff Jasmine Earls is an adult resident citizen of Jefferson County, Mississippi.

1.2     Defendant Progressive Advantage Agency, Inc., f/k/a Progressive Specialty Insurance Agency, Inc., is an insurance agency domiciled in the State of Ohio with its principal place of business at 6300 Wilson Mills Road, Mayfield, Ohio 44143. Process may be served upon the Mississippi Insurance Commissioner, upon Progressive's registered agent for service of process at CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, or in any other manner allowed under the Mississippi Rules of Civil Procedure.

1.3     Defendant American Bankers Insurance Company of Florida ("American Bankers") is domiciled in the State of Florida with its principal place of business at 11222 Quail Roost Drive, Miami, Florida 33157.  American Bankers is registered to conduct business and does conduct business in Mississippi.  Process may be served upon the Mississippi Insurance Commissioner, upon American Bankers' registered agent for service of process at United States

Corporation Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110, or in any other manner allowed under the Mississippi Rules of Civil Procedure.

## II.  GENERAL STATEMENT OF THE ACTION

2.1     Plaintiff alleges causes of action on alternative theories of liability based on facts and circumstances surrounding the present lawsuit as currently known and/or believed to be true; however, if and when additional facts are discovered giving rise to new/additional claims or causes of action, Plaintiff reserves the right to amend her claims.

2.2     Presently, Plaintiff's claims include those for bad faith, breach of contract/tortious breach of contract, breach of the duty of good faith and fair dealing, negligence, gross negligence, waiver and estoppel, respondeat superior, and vicarious liability as well as for all lawful entitlements to damages, including but not limited to actual damages, incidental damages, consequential damages, exemplary damages, punitive damages, emotional distress damages, attorneys' fees, costs, prejudgment interest, postjudgment interest, as well as for other equitable and legal relief, and in support thereof would show unto the Court the following:

## III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction of this action under 28 U.S.C. Section 1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000.

3.2     Venue is proper in the Southern District of Mississippi, Western Division, under 28 U.S.C. Section 1391 because a substantial part of the events or omissions giving rise to this action occurred in whole or in part in the Southern District of Mississippi, Western Division.

## IV. FACTS

4.1 Progressive Advantage Agency, Inc., ("Progressive") sells insurance policies on behalf of foreign excess insurers and other insurers.

4.2 In early February 2022, Plaintiff Jasmine Earls communicated via telephone on multiple occasions with agent(s) at Progressive about securing insurance coverage on her manufactured home ("dwelling") and personal property contents at 3505 Stampley Road, Fayette, Mississippi, 39069.

4.3 During the application process, Progressive's agent took charge of completing the application and took information from the Plaintiff.

4.4 Progressive's agent was made aware that Ms. Earls had two prior insurance claims.

4.5 The Plaintiff relied on Progressive's agent to properly complete the insurance application based on the information provided.

4.6 Progressive submitted information regarding the Plaintiff to Defendant American Bankers Insurance Company of Florida ("American Bankers") who underwrote the policy and accepted the risk.

4.7 Upon information and belief, Progressive's agent and/or underwriters with American Bankers searched the Plaintiff's claims history and were aware of her claims history at all relevant times.

4.8 Defendant American Bankers issued an insurance policy, PSM032860700 ("The Policy"), to Jasmine Earls with effective dates of February 9, 2022 to February 9, 2023, which is attached hereto as Exhibit "A". The Policy extended dwelling coverage for $100,000, and personal property coverage for $75,000.

4.9   Progressive received compensation from American Bankers for selling the insurance policy to the Plaintiff.

4.10   On March 22, 2022, Plaintiff's dwelling, including her personal property within the dwelling, burned due to a fire.

4.11   Plaintiff submitted a claim for a covered loss to American Bankers.

4.12   On April 27, 2022, American Bankers sent a letter to Plaintiff denying her claim, claiming that Ms. Earls had failed to disclose prior losses. A copy of this letter is attached hereto as Exhibit "B".

4.13   Having bound coverage with either actual or constructive knowledge of the Plaintiff's loss history, American Bankers denied Ms. Earls' insurance claim without an arguable basis and engaged in post-loss underwriting, which constitutes bad faith breach of contract.

4.14   After denying the insurance claim, American Bankers voided the insurance policy back to the date of the policy's inception.

V.   CAUSES OF ACTION
(DEFENDANT AMERICAN BANKERS)

A.   BREACH OF CONTRACT

5.1   Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

5.2   Defendant American Bankers, individually, collectively, or through its agents, entered into an insurance contract with the Plaintiff. Plaintiff made no misrepresentations, material or otherwise, during the application process. Plaintiff paid her premiums to protect her against loss, and American Bankers and/or its agent accepted these payments.

5.3   Plaintiff suffered damages to her dwelling and personal property within the dwelling during the fire.

5.4     Defendant American Bankers, individually, collectively, or through its agents, breached the contract by failing to pay Plaintiff for the damages to the dwelling and her personal property within the dwelling as claimed by the Plaintiff.

5.5     As a proximate result, Plaintiff has suffered and continues to suffer damages, including both economic and non-economic harm such as emotional distress.

**B.     TORTIOUS BREACH OF CONTRACT/BAD FAITH**

5.6     Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

5.7     American Bankers' denial of Plaintiff's insurance claim and breach of contract, including breach of the duty of good faith and fair dealing, mentioned herein, was done with gross, willful, wanton, and reckless disregard for the Plaintiff's rights.  American Bankers had knowledge, directly and/or through its agent(s), that the Plaintiff did not make material misrepresentations and was aware of the Plaintiff's claims history.

5.8     The denial of Plaintiff's claim was and is a wrongful denial without any legitimate or arguable basis and resulted from American Bankers' failure to adequately, properly, and/or fully investigate the claims with due regard for the Plaintiff's rights and post-loss underwriting.

5.9     The actions and omissions attributable to Defendant and/or its agents were committed with malice, gross negligence, and/or with willful, wanton, reckless, and intentional disregard for the rights of the insured.  Such actions and omissions were without any justification or any arguable reason and were committed in bad faith.

5.10    The wrongful handling of the Plaintiff's claim constitutes a tortious breach of contract and/or bad faith denial of the insurance claim without an arguable basis or legitimate reason, and/or malicious breach of contract, and/or gross negligence equivalent to an independent tort.

5.11 As a result, Plaintiff is entitled to recover extra-contractual damages, to be determined by the jury at trial, including emotional distress damages, punitive damages, attorneys' fees, and costs of litigation.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

5.12 Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

5.13 Defendant American Bankers, individually, collectively, or through its agent(s) and/or in conspiracy with each other, in and through their conduct, acts and/or omissions as outlined herein, breached the duty of good faith and fair dealing toward Plaintiff. Such conduct, acts and/or omissions, constituted a breach of the duty of good faith and fair dealing are the proximate cause, substantial factor, or proximate contributing cause of the foreseeable damage suffered by the Plaintiff.

5.14 Every contract imposes a duty of good faith and fair dealing in its performance and its enforcement. A special relationship of trust arises between an insurer and its insured, and parties to an insurance contract are expected to deal with each other in good faith and must abstain from any conduct which impairs the right of the other to receive the benefits of the agreement. The duty of good faith and fair dealing does not include the goal of maximizing profits if undertaken through overbearing practices that take unfair advantage of the other party. As such, in dealing with Plaintiff, Defendant owed her a duty of reasonable care and impliedly covenanted that it would deal with Plaintiff both fairly and in good faith and that Defendant would do nothing to interfere with or frustrate Plaintiff's reasonable expectations.

5.15 The Defendant American Bankers, individually or through its agent(s), was aware of the Plaintiff's prior losses and the Defendant still wrote the insurance policy. Imputed with knowledge of its agents and/or with direct knowledge, American Bankers denied Ms. Earls' claim

without arguable basis and engaged in post-loss underwriting in bad faith and in breach of the duty of good faith and fair dealing.

5.16   As a direct and proximate result of Defendants' acts, omissions, and/or other violations and/or breaches of the duty of good faith and fair dealing, the Plaintiff has suffered damages and continues to suffer damages, both economic and non-economic including emotional distress.

**D.   NEGLIGENCE**

5.17   Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

5.18   Defendant American Bankers, individually or through its agents, failed to exercise the degree of care, skill, knowledge, and ability ordinarily possessed by members of its profession in performance of work for the Plaintiff.

5.19   Defendant American Bankers, individually or through its agents, knew or should have known that it issued a policy to the Plaintiff and that if a loss occurred, it would deny the insurance coverage.

5.20   Post-loss, Defendant American Bankers also failed to communicate with Progressive who completed the insurance application for the benefit of American Bankers and worked as an agent of American Bankers.  Alternatively, American Bankers denied the claim with knowledge that the Plaintiff had made no misrepresentations.

5.21   Defendant American Bankers and/or its agents undertook a duty of care to Plaintiff, breached that duty, and proximately caused Plaintiff damages.

**E.   GROSS NEGLIGENCE**

5.22   Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

5.23    Defendant's acts were grossly negligent. Defendant engaged in a course of conduct under the particular facts in this case that evidence a reckless indifference to the consequences of its actions without the exertion of any substantial effort to avoid them. Defendants had knowledge of the Plaintiff's claims history, either directly or through its agent, before binding coverage and still denied the Plaintiff's claim with reckless disregard for the Plaintiff's rights.

## VI.   CAUSES OF ACTION
## (DEFENDANT PROGRESSIVE)

**A.    NEGLIGENCE**

6.1    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

6.2    Defendant Progressive, individually or through its agents, failed to exercise the degree of care, skill, knowledge, and ability ordinarily possessed by members of its profession in performance of work for the Plaintiff.

6.3    Defendant Progressive was aware of the Plaintiff's prior losses. Defendant Progressive undertook to secure insurance for the Plaintiff with knowledge of her claims history and had a duty to perform this task with reasonable care as a reasonable insurance agent. Defendant undertook completion of the insurance application and breached its duty.

6.4    If Defendant Progressive had not breached this duty, the Plaintiff could have secured insurance on her dwelling and personal property from another carrier or, alternatively, American Bankers would have simply charged higher premiums to the insured.

6.5    As a proximate result of the Defendant Progressive's breach, the Plaintiff suffered damages and continues to suffer damages, including both economic and non-economic harm such as emotional distress.

**B.    NEGLIGENT FAILURE TO PROCURE**

6.6    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

6.7     Defendant Progressive, directly or through its agents, agreed to and undertook to procure insurance as requested by Plaintiff and represented such coverage was procured.

6.8     Defendant Progressive, directly or through its agents, failed to procure the insurance requested by Plaintiff as the Policy was voided back to the date of its issuance.  If Defendant Progressive had not breached its duty to Plaintiff, the Plaintiff could have procured insurance elsewhere and/or American Bankers would have simply charged the Plaintiff higher rates for her insurance.

6.9     As a proximate result of the Defendant Progressive's negligent failure to procure, Plaintiff has proximately suffered damages and continues to suffer damages.

C.     **NEGLIGENT MISREPRESENTATION**

6.10    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

6.11    Defendant Progressive represented to the Plaintiff that her dwelling and personal property was fully insured against loss.

6.12    This representation as to coverage was false.  The policy has been voided back to the date of its issuance.

6.13    The Plaintiff reasonably relied on this false and material representation, believing that she was insured against loss as requested.

6.14    As a result of Progressive's negligent misrepresentation, the Plaintiffs have proximately suffered damages and continue to suffer damages.

D.     **GROSS NEGLIGENCE**

6.15    Plaintiff incorporates by reference all prior paragraphs and further states as follows: Defendant Progressive and/or its agents committed actions and omissions in this matter that constitute gross negligence and reckless disregard for Plaintiff's rights and property.  Defendant

Progressive and/or its agents knew or should have known that its gross negligence and reckless disregard for Plaintiff's rights would cause Plaintiff to sustain damages in this case.

6.16  Defendant Progressive, directly or through its agents, failed to procure the insurance requested by Plaintiff as the Policy was voided back to the date of its issuance.  If Defendant Progressive had not breached its duty to Plaintiff, the Plaintiff could have procured insurance elsewhere and/or American Bankers would have simply charged the Plaintiff higher rates for her insurance.

6.17  Defendant Progressive engaged in a course of conduct under the particular facts in this case that evidence a reckless indifference to the consequences of its actions without the exertion of any substantial effort to avoid them.  Defendant Progressive had knowledge of the Plaintiff's claims history and knew or should have known that if Plaintiff filed a claim, Plaintiff's claim would be denied.  But Progressive exhibited reckless indifference to the consequences of its actions and took no effort to avoid them, resulting in catastrophic financial and emotional damage to the Plaintiff.

## VII.  ALL DEFENDANTS

### A.  RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

7.1  Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

7.2  At all times pertinent hereto, Defendants jointly and severally, are liable for, without limitation, the conduct, acts, breaches and/or omissions, tortious conduct of their actual or apparent agents, employees, fiduciaries, contractors, officers, directors, and consultants, under the doctrine of respondeat superior, and otherwise as provided by applicable law.

7.3  Upon information and belief, Progressive acted as American's agent for selling insurance policies, including the policy at issue in this case, and all acts and/or omissions of

Progressive are attributable to Defendant American. In addition to, or alternatively, Progressive is directly liable for its own acts and omissions, including its failure to procure insurance coverage and misrepresentations and other grossly negligent conduct.

**B.    WAIVER**

7.4    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

7.5    Defendant American Bankers and/or its agents intentionally relinquished any rights it had to void the policy based on alleged material misrepresentations. It had knowledge of the Plaintiff's claims history and still issued the policy. This constitutes waiver.

**C.    EQUITABLE ESTOPPEL**

7.6    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

7.7    Defendant American Bankers and/or their agents are equitably estopped from asserting any material misrepresentations, including the alleged failure to disclose prior insurance claims. Defendant American Bankers and/or their agents were aware of the Plaintiff's claims history when the application was completed and/or when the policy was bound, and/or when the policy was issued.

7.8    Defendants' actions caused the Plaintiff to believe that her dwelling and contents were fully insured in the event of a future loss and accepted the Plaintiff's premium payments. As a result of the Defendants' and/or their agents' actions, Plaintiff reasonably relied on Defendants' and/or their agents' actions, believing she was fully insured.

7.9    If the Defendants had informed the Plaintiff that it would not insure her dwelling and contents because of prior losses, she would have secured insurance elsewhere for her property. As a result, the Defendants are equitably estopped from asserting defenses based on alleged

misrepresentations and underwriting issues related to the issuance of the Plaintiff's insurance policy.

**D.      PROMISSORY ESTOPPEL**

7.10    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

7.11    Defendants and/or their agents promised the Plaintiff that she was fully insured against loss on her dwelling and her personal property.

7.12    The Defendants and/or their agents intended the Plaintiff to rely on this promise.

7.13    The Plaintiff relied on this promise and paid insurance premiums to the Defendants and did not seek out insurance from other carriers. Instead, she made a claim and Defendants and/or their agents voided the policy back to the date of its issuance.

7.14    A refusal to enforce this promise of insurance would contradict basic equitable principles.

**E.      DECLARATORY JUDGMENT**

7.15    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

7.16    A justiciable controversy exists between Plaintiff and Defendants. Defendants have refused to pay the full amounts owed under the insurance policy at issue in this case for her dwelling and personal property contents.

7.17    The Plaintiff prays for a declaration from this Court that Defendants either directly or through their agents have breached the Policy by failing to timely and reasonably adjust the Plaintiff's claim and to pay her amounts owed under the policy, including paying amounts owed for the dwelling and personal property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Honorable court to enter judgment against American and Progressive for breach of contract, tortious breach of

contract, breach of the duty of good faith and fair dealing (or bad faith), negligence, equitable estoppel, promissory estoppel, waiver, declaratory judgment, and all other causes of action asserted herein.

Against Defendants, jointly and severally, Plaintiff requests this Honorable Court to award special and general damages; damages for emotional distress; actual, compensatory, and punitive damages; attorneys' fees, litigation expenses, court costs; pre-judgment interest and post-judgment interest on all such awards; and for such other further relief as this Honorable Court may deem proper. Plaintiff demands a trial by jury.

This the 24th day of June, 2022.

                                                   Respectfully submitted,

                                                   JASMINE EARLS

                                                   By: */s/ E. Taylor Polk*
                                                        E. Taylor Polk

OF COUNSEL:
Michael A. Heilman (MSB No. 2223)
John W. Nisbett (MSB No. 103120)
E. Taylor Polk (MSB No. 103653)
Daniel J. Hammett (MSB No. 105500)
HEILMAN LAW GROUP, P.A.
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914.1025
Facsimile: (601) 944.2915