IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASMINE EARLS                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 5:22-cv-49-KS-LGI

PROGRESSIVE ADVANTAGE AGENCY, INC.
AND AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA                                                  DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES OF
## AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA

COMES NOW American Bankers Insurance Company of Florida ("ABIC"), one of the Defendants herein, by and through its counsel, and files this, its answer and affirmative defenses to Plaintiff's complaint, as follows:

### FIRST DEFENSE

ABIC would show that the complaint fails to state a claim or cause of action against it upon which any relief may be granted.

### SECOND DEFENSE

ABIC would show that the complaint fails to state a claim or cause of action for punitive damages against it upon which any relief may be granted.

### THIRD DEFENSE

ABIC avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Mississippi and the Constitution of the United States, including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms

to constitutionally confirm any punitive damage award, imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and Plaintiff impermissibly seeks punitive damages which bear no constitutional relationship to the alleged actual amount in question.

## FOURTH DEFENSE

The imposition of punitive damages in this case would constitute a violation of ABIC's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## FIFTH DEFENSE

The imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory laws of the state of Mississippi providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Miss. Code Ann. § 11-1-65 (1972), *et. seq.*

## SIXTH DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to ABIC under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States and/or under the due process clause of Article III, Section 14 of the Constitution of the state of Mississippi, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

## SEVENTH DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to ABIC under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Sections 14 and 26

of the Constitution of the state of Mississippi, in that punitive damages are penal in nature and, consequently, ABIC is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

## EIGHTH DEFENSE

ABIC asserts that it would violate the self-incrimination clause of the Fifth Amendment to the Constitution of the United States and/or Article III, Section 26 of the Constitution of the state of Mississippi, to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## NINTH DEFENSE

It is a violation of the rights and safeguards guaranteed by the Constitution of the United States and/or the Constitution of the state of Mississippi to impose punitive damages against ABIC which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TENTH DEFENSE

ABIC avers that any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the state of Mississippi, in that said punitive damages would be an imposition of an excessive fine.

## ELEVENTH DEFENSE

It would be unconstitutional to award any punitive damages as any such damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Mississippi Constitution in that:

    (1)    Said damages are intended to punish and deter ABIC and thus this proceeding is essentially criminal in nature;

(2)     ABIC is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of its rights to due process;

(3)     The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates ABIC's rights to due process;

(4)     That inasmuch as this proceeding is essentially and effectively criminal in nature, ABIC is being denied the requirement of notice of the elements of the offense, and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the due process clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the state of Mississippi.

**TWELFTH DEFENSE**

The imposition of punitive damages against ABIC based upon theories of *respondeat superior*, vicarious liability, agency, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**THIRTEENTH DEFENSE**

ABIC would show that the Plaintiff's claims for punitive damages do not conform with the standards set forth in *BMW v. Gore*, 517 U.S. 559 (1996), *Copper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1523-24 (April 7, 2003).

**FOURTEENTH DEFENSE**

ABIC would show that the Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages as sought by Plaintiff under Mississippi law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, and would violate the due

4

process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Mississippi Constitution.

**FIFTEENTH DEFENSE**

ABIC would show that the imposition of punitive damages in this case measured by the wealth of ABIC would constitute an impermissible punishment of status.

**SIXTEENTH DEFENSE**

ABIC affirmatively invokes and asserts all applicable procedural and substantive aspects of Mississippi's Tort Reform Act of 1993, Miss. Code Ann. § 11-1-65 (Rev. 1999).

**SEVENTEENTH DEFENSE**

ABIC would show that it acted, at all times, in good faith.

**EIGHTEENTH DEFENSE**

ABIC would show that it breached no duty and/or obligation arguably owed to the Plaintiff under state and/or federal law.

**NINETEENTH DEFENSE**

ABIC would show that the Plaintiff failed to mitigate her damages, if any.

**TWENTIETH DEFENSE**

ABIC affirmatively pleads Miss. Code Ann. § 85-5-7 for an adjudication of fault, if any, as to all individuals and/or entities whose negligence may have contributed to cause the alleged injuries to Plaintiff, whether they be parties, settling parties or non-parties.

**TWENTY-FIRST DEFENSE**

Alternatively, ABIC would show that injuries to Plaintiff, if any, resulted from the acts or omissions of persons or entities other than ABIC, such acts or omissions constituting an independent, intervening and the sole proximate cause of the Plaintiff's alleged injuries and/or

damages.   As to all such other persons or entities, ABIC pleads the provisions of Miss Code Ann. 85-5-7 (as amended).

### TWENTY-SECOND DEFENSE

ABIC would assert that Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### TWENTY-THIRD DEFENSE

ABIC would assert that, to the extent the Plaintiff has asserted a claim for fraud in her complaint, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, fraud must be pled with particularity.   Plaintiff's claims, if any, for fraud have wholly failed to comply with the requirements of Rule 9(b), and should, therefore, be dismissed.

### TWENTY-FOURTH DEFENSE

ABIC would show that the subject insurance contract and all of ABIC's related activities conformed in every respect to accepted industry standards and practices.

### TWENTY-FIFTH DEFENSE

ABIC would show that some or all of the Plaintiff's claims are barred by the parol evidence rule since the written contract itself embodies the agreement of the parties.

### TWENTY-SIXTH DEFENSE

ABIC would show that the Plaintiff herein failed to meet conditions precedent to qualify for the subject insurance contract and/or made material misrepresentations of fact on her application for insurance coverage.

### TWENTY-SEVENTH DEFENSE

ABIC affirmatively pleads its rights to set off, contribution and other rights it may have pursuant to Mississippi law.

## TWENTY-EIGHTH DEFENSE

ABIC would show that if refunded all premiums paid in connection with the subject policy, plus interest, and that it refund any and all installment fees associated with premium payments made by the Plaintiff.

## TWENTY-NINTH DEFENSE

ABIC would show that there is an inherent mutual duty of good faith in the subject insurance contract, and that the Plaintiff may have failed to act in good faith.

## THIRTIETH DEFENSE

ABIC would show that the Plaintiff's claims are barred, in whole or in part, because the matters of which she complains were adequately disclosed to her and/or she failed to read documents which were provided to her which disclosed such matters.

## THIRTY-FIRST DEFENSE

ABIC is not guilty of any false, misleading or deceptive activities, or any other wrongful conduct as alleged in the complaint.

## THIRTY-SECOND DEFENSE

ABIC incorporates by reference the affirmative defenses asserted by the other Defendant, and expressly reserves the right to assert additional defenses should it deem them necessary after further investigation.

## THIRTY-THIRD DEFENSE

ABIC would show that the Plaintiff made erroneous and false statements of fact in the application submitted for the subject insurance policy, and that said false or erroneous statements of fact were material to the acceptance of the risk by ABIC or to the hazard to be assumed by ABIC, and said policy is void or voidable as a result of said material misrepresentations.   ABIC

7

would show unto the court that it has tendered and refunded the premiums, plus interest, paid by the Plaintiff for the subject policy.

### THIRTY-FOURTH DEFENSE

The Plaintiff had the sole burden and obligation to make sure that all answers reflected on the application for insurance submitted to ABIC were true and correct in all material respects, and the Plaintiff cannot shift that burden to any other person or entity.

### THIRTY-FIFTH DEFENSE

AND NOW, without waiving any affirmative defenses, answering the allegations of the complaint, paragraph by paragraph, ABIC would show:

### I.       PARTIES

1.1.    ABIC admits on information and belief the allegations contained in paragraph 1.1 of the complaint.

1.2.    ABIC admits on information and belief the allegations contained in paragraph 1.2 of the complaint.

1.3.    ABIC admits the allegations contained in paragraph 1.3 of the complaint.

### II.      GENERAL STATEMENT OF THE ACTION

2.1    ABIC would show that no response is required to the contentions set forth in paragraph 2.1 of the complaint.   ABIC maintains that the Plaintiff has failed to assert any valid claims or causes of action against it herein.

2.2.    ABIC would show that no response is required to the contentions set forth in paragraph 2.2 of the complaint.   ABIC maintains that the Plaintiff has failed to assert any valid claims or causes of action against it herein.

### III.     JURIDICTION AND VENUE

3.1.    ABIC admits the allegations contained in paragraph 3.1 of the complaint.

3.2.     ABIC admits the allegations contained in paragraph 3.2 of the complaint.

## IV.     FACTS

4.1.     ABIC admits on information and belief the allegations contained in paragraph 4.1 of the complaint.

4.2      ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 4.2 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.

4.3      ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 4.3 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.

4.4      ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 4.4 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.

4.5      ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 4.5 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.

4.6      ABIC admits that it underwrote the underlying insurance policy based upon the information the Plaintiff submitted on the application.   ABIC denies the remaining allegations set forth in paragraph 4.6 of the complaint.

4.7      ABIC denies the allegations set forth in paragraph 4.7 of the complaint.

4.8      ABIC admits that it underwrote the underlying insurance policy based upon the information the Plaintiff submitted on the application.   ABIC further admits the remaining allegations set forth in paragraph 4.8 of the complaint.

9

4.9     ABIC admits on information and belief the allegations contained in paragraph 4.9 of the complaint.

4.10     ABIC admits that the Plaintiff submitted a claim for a fire loss occurring on or about March 22, 2022, but denies the remaining allegations set forth in paragraph 4.10 of the complaint.

4.11     ABIC admits that the Plaintiff submitted a claim for a fire loss occurring on or about March 22, 2022, but denies the remaining allegations set forth in paragraph 4.11 of the complaint.

4.12     ABIC admits the allegations set forth in paragraph 4.12 of the complaint.

4.13     ABIC denies the allegations set forth in paragraph 4.13 of the complaint.

4.14     ABIC admits the allegations set forth in paragraph 4.14 of the complaint.

## V.     CAUSES OF ACTION
## (DEFENDANT AMERICAN BANKERS)

**A.     BREACH OF CONTRACT**

5.1     ABIC would show that no response is required to the contentions set forth in paragraph 5.1 of the complaint, and ABIC incorporates herein its prior averments in full.

5.2     ABIC admits that it underwrote the underlying insurance policy based upon the information the Plaintiff submitted on the application.   ABIC denies the remaining allegations set forth in paragraph 5.2 of the complaint.

5.3     ABIC admits that it underwrote the underlying insurance policy based upon the information the Plaintiff submitted on the application.   ABIC denies the remaining allegations set forth in paragraph 5.3 of the complaint.

5.4     ABIC denies the allegations set forth in paragraph 5.4 of the complaint.

5.5     ABIC denies the allegations set forth in paragraph 5.5 of the complaint.

**B.      TORTIOUS BREACH OF CONTRACT/BAD FAITH**

5.6      ABIC would show that no response is required to the contentions set forth in paragraph 5.6 of the complaint, and ABIC incorporates herein its prior averments in full.

5.7      ABIC denies the allegations set forth in paragraph 5.7 of the complaint.

5.8      ABIC denies the allegations set forth in paragraph 5.8 of the complaint.

5.9      ABIC denies the allegations set forth in paragraph 5.9 of the complaint.

5.10      ABIC denies the allegations set forth in paragraph 5.10 of the complaint.

5.11      ABIC denies the allegations set forth in paragraph 5.11 of the complaint.

**C.      BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

5.12      ABIC would show that no response is required to the contentions set forth in paragraph 5.12 of the complaint, and ABIC incorporates herein its prior averments in full.

5.13      ABIC denies the allegations set forth in paragraph 5.13 of the complaint.

5.14      ABIC would show that the contentions set forth in paragraph 5.14 of the complaint merely constitute legal conclusions, and, as such, no response from ABIC is required.  To the extent ABIC is mistaken in this regard, it denies the allegations, as phrased, set forth in paragraph 5.14 of the complaint.

5.15      ABIC denies the allegations set forth in paragraph 5.15 of the complaint.

5.16      ABIC denies the allegations set forth in paragraph 5.16 of the complaint.

**D.      NEGLIGENCE**

5.17      ABIC would show that no response is required to the contentions set forth in paragraph 5.17 of the complaint, and ABIC incorporates herein its prior averments in full.

5.18      ABIC denies the allegations set forth in paragraph 5.18 of the complaint.

5.19      ABIC denies the allegations set forth in paragraph 5.19 of the complaint.

5.20    ABIC denies the allegations set forth in paragraph 5.20 of the complaint.

5.21    ABIC denies the allegations set forth in paragraph 5.21 of the complaint.

## E.    GROSS NEGLIGENCE

5.22    ABIC would show that no response is required to the contentions set forth in paragraph 5.22 of the complaint, and ABIC incorporates herein its prior averments in full.

5.23    ABIC denies the allegations set forth in paragraph 5.23 of the complaint.

## VI.    CAUSES OF ACTION
## (DEFENDANT PROGRESSIVE)

## A.    NEGLIGENCE

6.1    ABIC would show that no response is required to the contentions set forth in paragraph 6.1 of the complaint, and ABIC incorporates herein its prior averments in full.

6.2    ABIC denies the allegations set forth in paragraph 6.2 of the complaint.

6.3    ABIC denies the allegations set forth in paragraph 6.3 of the complaint.

6.4    ABIC denies the allegations set forth in paragraph 6.4 of the complaint.

6.5    ABIC denies the allegations set forth in paragraph 6.5 of the complaint.

## B.    NEGLIGENT FAILURE TO PROCURE

6.6    ABIC would show that no response is required to the contentions set forth in paragraph 6.6 of the complaint, and ABIC incorporates herein its prior averments in full.

6.7    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.7 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.

6.8    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.8 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.   ABIC specifically denies that it would

have issued coverage to the Plaintiff had it been informed and/or if it knew about the Plaintiff's prior losses.

6.9    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.9 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.

## C.    NEGLIGENT MISREPRESENTATION

6.10    ABIC would show that no response is required to the contentions set forth in paragraph 6.10 of the complaint, and ABIC incorporates herein its prior averments in full.

6.11    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.11 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.   ABIC specifically denies that it would have issued coverage to the Plaintiff had it been informed and/or if it knew about the Plaintiff's prior losses.

6.12    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.12 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.   ABIC specifically denies that it would have issued coverage to the Plaintiff had it been informed and/or if it knew about the Plaintiff's prior losses.

6.13    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.13 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.   ABIC specifically denies that it would have issued coverage to the Plaintiff had it been informed and/or if it knew about the Plaintiff's prior losses.

6.14    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.14 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.   ABIC specifically denies that it would have issued coverage to the Plaintiff had it been informed and/or if it knew about the Plaintiff's prior losses.

**D.    GROSS NEGLIGENCE**

6.15    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.15 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.   ABIC specifically denies that it would have issued coverage to the Plaintiff had it been informed and/or if it knew about the Plaintiff's prior losses.

6.16    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.16 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.   ABIC specifically denies that it would have issued coverage to the Plaintiff had it been informed and/or if it knew about the Plaintiff's prior losses.

6.17    ABIC is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.17 of the complaint inasmuch as those allegations pertain to another Defendant; consequently, ABIC denies those allegations.   ABIC specifically denies that it would have issued coverage to the Plaintiff had it been informed and/or if it knew about the Plaintiff's prior losses.

## VII.    ALL DEFENDANTS

**A.    RESPONDEAT SUPERIOR/VICARIOUS LIABILITY**

7.1    ABIC would show that no response is required to the contentions set forth in paragraph 7.1 of the complaint, and ABIC incorporates herein its prior averments in full.

7.2     ABIC denies the allegations set forth in paragraph 7.2 of the complaint.

7.3     ABIC denies the allegations set forth in paragraph 7.3 of the complaint.

**B.    WAIVER**

7.4     ABIC would show that no response is required to the contentions set forth in paragraph 7.4 of the complaint, and ABIC incorporates herein its prior averments in full.

7.5     ABIC denies the allegations set forth in paragraph 7.5 of the complaint.

**C.    EQUITABLE ESTOPPEL**

7.6     ABIC would show that no response is required to the contentions set forth in paragraph 7.6 of the complaint, and ABIC incorporates herein its prior averments in full.

7.7     ABIC denies the allegations set forth in paragraph 7.7 of the complaint.

7.8     ABIC denies the allegations set forth in paragraph 7.8 of the complaint.

7.9     ABIC denies the allegations set forth in paragraph 7.9 of the complaint.

**D.    PROMISSORY ESTOPPEL**

7.10    ABIC would show that no response is required to the contentions set forth in paragraph 7.10 of the complaint, and ABIC incorporates herein its prior averments in full.

7.11    ABIC denies the allegations set forth in paragraph 7.11 of the complaint.

7.12    ABIC denies the allegations set forth in paragraph 7.12 of the complaint.

7.13    ABIC denies the allegations set forth in paragraph 7.13 of the complaint.

7.14    ABIC denies the allegations set forth in paragraph 7.14 of the complaint.

**E.    DECLARATORY JUDGMENT**

7.15    ABIC would show that no response is required to the contentions set forth in paragraph 7.15 of the complaint, and ABIC incorporates herein its prior averments in full.

7.16    ABIC denies the allegations set forth in paragraph 7.16 of the complaint.

7.17    ABIC denies the allegations set forth in paragraph 7.17 of the complaint.

ABIC denies the allegations contained in the final, unnumbered paragraphs of the complaint, and all subparts thereof, beginning "WHEREFORE, PREMISES CONSIDERED."

**WHEREFORE, PREMISES CONSIDERED**, American Bankers Insurance Company of Florida respectfully requests that the complaint filed against it herein be dismissed with prejudice and that Plaintiff be made to pay its costs.

Respectfully submitted, this the 16th day of August, 2022.

> **AMERICAN BANKERS INSURANCE**
> **COMPANY OF FLORIDA**
>
>
> By:  _/s/ Walter D. Willson_____
>      Walter D. Willson (MSB #7291)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39201-0131
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Telephone:    601.605.6900
Facsimile:     601.605.6901
wwillson@wellsmarble.com

## <u>CERTIFICATE OF SERVICE</u>

I, Walter D. Willson, do hereby certify that the above and foregoing *Answer and Affirmative Defenses of American Bankers Insurance Company of Florida* was served via the ECF filing system and via U.S. Mail, postage prepaid, to the following counsel of record:

> E. Taylor Polk, Esq.
> HEILMAN LAW GROUP, P.A.
> Meadowbrook Office Park
> 4266 Interstate 55 North, Suite 106
> Jackson, Mississippi 39211
> tpolk@heilmanlawgroup.com
>
> ATTORNEYS FOR PLAINTIFF, JASMINE EARLS
>
> C. Maison Heidelberg, Esq.
> HEIDELBERG PATTERSON WELCH PLLC
> 368 Highland Colony Parkway
> Ridgeland, MS 39157
> mheidelberg@hpwlawgroup.com
>
> ATTORNEYS FOR DEFENDANT, PROGRESSIVE
> ADVANTAGE AGENCY, INC.

This, the 16th day of August, 2022.

> */s/Walter D. Willson*
> Walter D. Willson